UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-cv-27-FDW

| | |
|---|---|
| OWEN D. LEAVITT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| NC DEPARTMENT OF | ) |
| PUBLIC SAFETY, et al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint which was filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1).

## I. BACKGROUND

Plaintiff is a prisoner of the State of North Carolina who was convicted of second degree murder (principal) on October 9, 2007, and his projected release date is October 16, 2018. In his § 1983 complaint Plaintiff raises allegations that he is being denied proper medical treatment in violation of his rights under the Eighth Amendment, that he was improperly restrained by correctional officers, that he was subjected to excessive force, and that his mail has been tampered with. Among other relief, Plaintiff seeks a preliminary and permanent injunction which would prohibit the alleged acts of the defendants, and he requests monetary damages.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint— (1) is frivolous,

4

malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

Plaintiff is a prisoner of the State of North Carolina and as such his pro se § 1983 complaint must conform to the provisions of the Prisoner Litigation Reform Act ("PLRA") which provides that a prisoner must exhaust his administrative remedies prior to the commencement of a civil action under § 1983. The PLRA provides, in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life and the Court noted that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court went on to stress that the exhaustion requirement must be met before commencement of the suit. Id. Whether an inmate has properly exhausted his administrative remedies is a matter to be determined by referencing the law of the state where the prisoner is housed and where the allegations supporting the complaint arose. See Jones v. Bock, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply

with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Corr. Health Servs., 407 F.3d 674 (4th Cir. 2005). Indeed, failure to exhaust administrative remedies is an affirmative defense, but the Court is not prohibited from sua sponte examining the issue of exhaustion in reviewing the complaint. As the Fourth Circuit observed:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

Anderson, 407 F.3d at 683.

In North Carolina, prisoners must complete the three step administrative remedy procedure in order to exhaust their administrative remedies. See N.C. Gen. Stat. §§ 148-118.1 to 148-118.9; Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). Plaintiff states in his complaint that he participated in the administrative remedy procedure but he does not demonstrate that he has exhausted his remedies. Plaintiff attaches documents which tends to show that he completed Step Two regarding one or more of his claims for relief. (Doc. No. 1-1 at 3. 6, 9 and 19). However, Plaintiff fails to provide any evidence that he has exhausted his administrative remedies with regarding to any of his claims. In a letter dated April 24, 2014, Plaintiff indicates that he was recently transferred from Alexander Correctional Institution because he suffered a nervous breakdown and he admits that he has not provided sufficient proof that he exhausted his administrative remedies before filing his complaint and Plaintiff moves the Court for 90 days to submit proof of exhaustion. (Doc. No. 5).

6

Based on the record before the Court, it appears that Plaintiff has failed to demonstrate that he exhausted his administrative remedies prior to filing his § 1983 complaint. Accordingly, Plaintiff's complaint will be dismissed without prejudice to his ability to refile the complaint and submit proof that he has fully exhausted his state administrative remedies.

### IV.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: May 5, 2014

_____
Frank D. Whitney
Chief United States District Judge