IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-cv-00027-FDW

| | |
|---|---|
| OWEN D. LEAVITT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| NC DEP'T OF PUBLIC SAFETY, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Plaintiff's pro se complaint which he filed pursuant to 42 U.S.C. § 1983.[1]

Plaintiff is a prisoner of the State of North Carolina who is presently confined in the Alexander Correctional Institution. In his complaint, Plaintiff alleges that he is not receiving adequate treatment for his diabetes, and other medical conditions, and he contends that his mail is being tampered with; his efforts to access the courts have been frustrated; that he was placed in restraints for seven hours on an unspecified date; and that he was subjected to excessive force on March 14, 2011.[2] (Doc. No. 1: Compl. at 5).

---

[1] Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

[2] The Court finds that consideration of Plaintiff's written grievances and the responses thereto by prison officials are properly considered in determining whether Plaintiff's complaint states a claim for relief. See Philips v. Pitt County Mem. Hosp, 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

1

A.      Medical Treatment

Claims under Section 1983 alleging a lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Rainier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976). The constitutional right is to medical care. No right exists to the type or scope of care desired by the individual prisoner. Id. at 763. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not

state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice").

Plaintiff's complaint as it pertains to his medical treatment will be dismissed because the allegations are wholly conclusory and he fails to identify with any reasonable specificity how this alleged treatment, or lack thereof, has adversely impacted his health. In sum, Plaintiff's allegations simply express disagreement with the course of treatment and the medical advice he has received.

B.     Mail and Access to the courts

Plaintiff's vague contentions that one or more defendants have tampered with his mail or inhibited his ability to send or receive mail will be dismissed as conclusory.

Likewise, Plaintiff's claim that he is being denied access to the courts is without merit. To be sure, there is no question that prisoners must have reasonable access to present claims in court. See Bounds v. Smith, 430 U.S. 817, 824-25 (1977). In order to show a denial of access to the courts, a prisoner must demonstrate an actual injury or that a defendant's alleged conduct impeded his right to access the courts. See Lewis v. Casey, 518 U.S. 343, 351-52 (1996).

In his complaint, Plaintiff does not contend that he is being denied all access to the courts, and in fact, Plaintiff has demonstrated that he has more than liberal access to the courts, both in the present case, and in other civil actions that he filed pro se while a prisoner of the State of North Carolina. See Leavitt v. Thompson, 5:10-ct-03079-FL (E.D.N.C. July 2, 2010) (Western Division) (§ 1983 complaint dismissed as frivolous); Leavitt v. Robert C. Lewis, et al., 5:10-ct-03075-D (E.D.N.C. Jan. 25, 2011) (Western Division) (civil rights complaint dismissed for failure to exhaust administrative remedies); Leavitt v. Joyner, 5:15-cv-00038-FDW (W.D.N.C. Nov. 20, 2015) (habeas petition dismissed as untimely), dismissed, 2017 U.S. App. LEXIS 209 (4th Cir.

3

Jan. 5, 2017).

    C.      Seven hour restraint and excessive force

An Eighth Amendment claim for excessive force or other deprivation demands a showing that the prison official possessed a sufficiently culpable state of mind (subjective component) and that he suffered a serious deprivation or injury (objective component). See Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).

Plaintiff alleges Defendant Sergeant Miller left him in restraints for seven or more hours; however he does not identify when this allegedly happened nor does he fairly allege that he suffered any particular injury or that Sergeant Miller acted with malice. (Compl. at 5). Finally, Plaintiff alleges Defendant Officers Brock and Harrington subjected him to excessive force on March 14, 2011, but again Plaintiff's allegations are simply vague and fail to provide any sufficient detail regarding any alleged injury or suspected malice. (Id.).

    D.      Conclusion

In sum, among other things, the Federal Rules of Civil Procedure provide that in order to state a claim for relief, a pleading must present "a short and plain statement of the grounds for the court's jurisdiction, and "a short and plain statement that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(1), (2). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

Based on the foregoing, the Court finds that Plaintiff's complaint fails to present a claim for relief and it will be dismissed. 28 U.S.C. § 1915A(b)(1).

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED**. (Doc. No. 1).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: January 27, 2017

Frank D. Whitney
Chief United States District Judge